Juanita R. Brooks (SBN 75934), brooks@fr.com
Christopher S, Marchese (SBN 170239), marchese@fr.com
Michael M. Rosen (SBN 230964), rosen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Michael J. McKeon (*Pro Hac Vice* Application Pending), mckeon@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff
LG Electronics, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION; SONY CORPORATION OF AMERICA; and SONY ELECTRONICS, INC.,<br><br>Defendants. | Case No. **'11 CV0248 DMS CAB**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LG Electronics, Inc. (hereinafter Plaintiff or "LGE") hereby files this complaint against Defendants Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc., and alleges as follows:

# PARTIES

1. Plaintiff LGE is a Korean corporation with its principal place of business located at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.

2. Defendant Sony Corporation is organized under the laws of Japan with its principal place of business at 7-1, Konan 1-Chome, Minato-ku, Tokyo 108-0075, Japan, and conducts business in this District, in conjunction with its wholly-owned subsidiaries including those identified herein. On information and belief, Sony Corporation, on its own and/or through its identified subsidiaries, is in the business of manufacturing, importing, selling, offering to sell, and/or distributing high-definition television ("HDTV") products such as, for example, the Sony "Bravia" television models including the KDL-46HX800 and KDL-32EX500 (hereinafter "the Accused Sony TV Products") and digital cameras, such as, for example, the Sony Model Numbers A55 and TX9 ("the Accused Sony Digital Cameras") (individually and collectively "Accused Sony Products").

3. Defendant Sony Corporation of America ("SCA") is a Delaware corporation with a principal place of business at 550 Madison Avenue, New York, New York 10022, and is a wholly-owned subsidiary of Sony Corporation conducting business in this District. On information and belief, SCA has a place of business in this District located at 16530 Via Esprillo, San Diego, CA 92127. On information and belief, SCA sells, offers for sale, uses, and/or distributes Accused Sony Products in the United States including within this District.

4. Defendant Sony Electronics, Inc. ("SEL") is a Delaware corporation with its headquarters in this District at 16530 Via Esprillo, San Diego, CA 92127, and is a wholly-owned subsidiary of Sony Corporation of America and/or of Sony Corporation conducting business in this District. On information and belief, SEL sells, offers for sale, uses, and/or distributes Accused Sony Products in the United States including within this District.

5. As used herein, the term "Defendants" or "Sony" means individually and/or collectively Sony Corporation, SCA, and SEL.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the cause of this action pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question arising under the patent laws of the United States, including 35 U.S.C. § 271.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, among other reasons, Sony Corporation, SCA, and SEL are subject to personal jurisdiction in this judicial district and have committed acts of infringement in this judicial district, and SCA and SEL each has a regular and established place of business in this judicial district.

8. Upon information and belief, Sony has placed infringing products including Accused Sony Products into the stream of commerce by shipping those products into this judicial district and/or by knowing that such products would be shipped into this judicial district. Sony's established distribution network, including through its ecommerce website www.sony.com, includes national distributors and resellers, and Sony distributes to national and local retailers that have stores located in this District. By shipping into, selling, offering to sell, and/or using products that infringe the patents-in-suit in this District, or by inducing or causing those acts to occur, Sony has transacted and continues to transact business and perform work and services in this District, has supplied and continues to supply services and things in this District, has caused and continues to cause injury and damages in this District by acts and omissions in this District, and has caused and continues to cause injury and damages in this District by acts or omissions outside of this District while deriving substantial revenue from services or things used or consumed within this District, and will continue to do so unless enjoined by this Court.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 5,537,612**

9. The allegations of Paragraphs 1-8 are incorporated herein by reference.

10. LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,537,612 entitled "Remotely Selectable Audio/Video/Text Disruption" (hereinafter "the '612 patent"), which was duly and legally issued on July 16, 1996.

11. Defendants have made, used, offered to sell, and/or sold within the United States, and/or imported into the United States, Accused Sony TV Products that infringe the claims of the '612 patent, literally and/or under the doctrine of equivalents, in violation of LGE's statutory rights.

12. Defendants have induced and/or are inducing the infringement of the '612 patent by selling, offering to sell, and/or importing into the United States Accused Sony TV Products that infringe the claims of the '612 patent in violation of LGE's statutory rights. On information and belief, Defendants were aware of the '612 patent at the time they engaged in their directly and indirectly infringing activities and, in any event, were aware of the '612 patent at least as early as the service date of this complaint. Moreover, on information and belief, Defendants sold and/or offered for sale and/or imported Accused Sony TV Products, and are continuing to do so, to customers and others specifically intending to actively encourage such customers and others to use the Accused Sony TV Products in the United States in a manner that Defendants know to be infringing. On information and belief, those customers and others in fact used the Accused Sony TV Products in the United States in an infringing manner.

13. As a result of Sony's unlawful infringement of the '612 patent, LGE has suffered and will continue to suffer damage. LGE is entitled to recover from Sony the damages adequate to compensate for such infringement, which have yet to be determined.

14. Defendants' acts of infringement of the '612 patent herein have been made, and/or are being made at the time of service of this complaint, with full knowledge of LGE's rights in the patent. On information and belief, Defendants have acted and/or are continuing to act despite an objectively high likelihood that their actions constituted direct and/or indirect infringement of a valid patent, and, on information and belief, Defendants knew or should have known of that objectively high risk. Defendants' acts herein constitute willful and deliberate infringement, entitling LGE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

15. Defendants' acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

4

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,281,895

16. The allegations of Paragraphs 1-15 are incorporated herein by reference.

17. LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,281,895 entitled "Level Adjust Display Apparatus and Method for On-Screen Display Menu in Image Display Device" (hereinafter "the '895 patent"), which was duly and legally issued on August 28, 2001.

18. Defendants have made, used, offered to sell, and/or sold within the United States, and/or imported into the United States, Accused Sony Products, and specifically including the Accused Sony Digital Cameras, that infringe the claims of the '895 patent, literally and/or under the doctrine of equivalents, in violation of LGE's statutory rights.

19. Defendants have induced and/or are inducing the infringement of the '895 patent by selling, offering to sell, and/or importing into the United States Accused Sony Products, and specifically including the Accused Sony Digital Cameras, that infringe the claims of the '895 patent in violation of LGE's statutory rights. On information and belief, Defendants were aware of the '895 patent at the time they engaged in their directly and indirectly infringing activities and, in any event, were aware of the '895 patent at least as early as the service date of this complaint. Moreover, on information and belief, Defendants sold and/or offered for sale and/or imported Accused Sony Products, and specifically including the Accused Sony Digital Cameras, and are continuing to do so, to customers and others specifically intending to actively encourage such customers and others to use the Accused Sony Products in the United States in a manner that Defendants know to be infringing. On information and belief, those customers and others in fact used the Accused Sony Products, and specifically including the Accused Digital Cameras, in the United States in an infringing manner.

20. As a result of Sony's unlawful infringement of the '895 patent, LGE has suffered and will continue to suffer damage. LGE is entitled to recover from Sony the damages adequate to compensate for such infringement, which have yet to be determined.

21. Defendants' acts of infringement of the '895 patent herein have been made, and/or are being made at the time of service of this complaint, with full knowledge of LGE's rights in the patent. On information and belief, Defendants have acted and/or are continuing to act despite an objectively high likelihood that their actions constituted direct and/or indirect infringement of a valid patent, and, on information and belief, Defendants knew or should have known of that objectively high risk. Defendants' acts herein constitute willful and deliberate infringement, entitling LGE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

22. Defendants' acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 6,598,233

23. The allegations of Paragraphs 1-22 are incorporated herein by reference.

24. LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,598,233 entitled "Channel Control Apparatus of Digital Television and Method Thereof" (hereinafter "the '233 patent"), which was duly and legally issued on July 22, 2003.

25. Defendants have made, used, offered to sell, and/or sold within the United States, and/or imported into the United States, Accused Sony TV Products that infringe the claims of the '233 patent, literally and/or under the doctrine of equivalents, in violation of LGE's statutory rights.

26. Defendants have induced and/or are inducing the infringement of the '233 patent by selling, offering to sell, and/or importing into the United States Accused Sony TV Products that infringe the claims of the '233 patent in violation of LGE's statutory rights. On information and belief, Defendants were aware of the '233 patent at the time they engaged in their directly and indirectly infringing activities and, in any event, were aware of the '233 patent at least as early as the service date of this complaint. Moreover, on information and belief, Defendants sold and/or

offered for sale and/or imported Accused Sony TV Products, and are continuing to do so, to customers and others specifically intending to actively encourage such customers and others to use the Accused Sony TV Products in the United States in a manner that Defendants know to be infringing.  On information and belief, those customers and others in fact used the Accused Sony TV Products in the United States in an infringing manner.

27. As a result of Sony's unlawful infringement of the '233 patent, LGE has suffered and will continue to suffer damage.  LGE is entitled to recover from Sony the damages adequate to compensate for such infringement, which have yet to be determined.

28. Defendants' acts of infringement of the '233 patent herein have been made, and/or are being made at the time of service of this complaint, with full knowledge of LGE's rights in the patent.  On information and belief, Defendants have acted and/or are continuing to act despite an objectively high likelihood that their actions constituted direct and/or indirect infringement of a valid patent, and, on information and belief, Defendants knew or should have known of that objectively high risk.  Defendants' acts herein constitute willful and deliberate infringement, entitling LGE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

29. Defendants' acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,154,564

30. The allegations of Paragraphs 1-29 are incorporated herein by reference.

31. LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,154,564 entitled "Method for Controlling Channel Tuning of Digital TV" (hereinafter "the '564 patent"), which was duly and legally issued on December 26, 2006.

32. Defendants have made, used, offered to sell, and/or sold within the United States, and/or imported into the United States, Accused Sony TV Products that infringe the claims of the

'564 patent, literally and/or under the doctrine of equivalents, in violation of LGE's statutory rights.

33. Defendants have induced and/or are inducing the infringement of the '564 patent by selling, offering to sell, and/or importing into the United States Accused Sony TV Products that infringe the claims of the '564 patent in violation of LGE's statutory rights. On information and belief, Defendants were aware of the '564 patent at the time they engaged in their directly and indirectly infringing activities and, in any event, were aware of the '564 patent at least as early as the service date of this complaint. Moreover, on information and belief, Defendants sold and/or offered for sale and/or imported Accused Sony TV Products, and are continuing to do so, to customers and others specifically intending to actively encourage such customers and others to use the Accused Sony TV Products in the United States in a manner that Defendants know to be infringing. On information and belief, those customers and others in fact used the Accused Sony TV Products in the United States in an infringing manner.

34. As a result of Sony's unlawful infringement of the '564 patent, LGE has suffered and will continue to suffer damage. LGE is entitled to recover from Sony the damages adequate to compensate for such infringement, which have yet to be determined.

35. Defendants' acts of infringement of the '564 patent herein have been made, and/or are being made at the time of service of this complaint, with full knowledge of LGE's rights in the patent. On information and belief, Defendants have acted and/or are continuing to act despite an objectively high likelihood that their actions constituted direct and/or indirect infringement of a valid patent, and, on information and belief, Defendants knew or should have known of that objectively high risk. Defendants' acts herein constitute willful and deliberate infringement, entitling LGE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

36. Defendants' acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,760,491

37. The allegations of Paragraphs 1-36 are incorporated herein by reference.

38. LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,760,491 entitled "Display Apparatus" (hereinafter "the '491 patent"), which was duly and legally issued on July 20, 2010.

39. Defendants have made, used, offered to sell, and/or sold within the United States, and/or imported into the United States, Accused Sony TV Products that infringe the claims of the '491 patent, literally and/or under the doctrine of equivalents, in violation of LGE's statutory rights.

40. Defendants have induced and/or are inducing the infringement of the '491 patent by selling, offering to sell, and/or importing into the United States Accused Sony TV Products that infringe the claims of the '491 patent in violation of LGE's statutory rights. On information and belief, Defendants were aware of the '491 patent at the time they engaged in their directly and indirectly infringing activities and, in any event, were aware of the '491 patent at least as early as the service date of this complaint. Moreover, on information and belief, Defendants sold and/or offered for sale and/or imported Accused Sony TV Products, and are continuing to do so, to customers and others specifically intending to actively encourage such customers and others to use the Accused Sony TV Products in the United States in a manner that Defendants know to be infringing. On information and belief, those customers and others in fact used the Accused Sony TV Products in the United States in an infringing manner.

41. As a result of Sony's unlawful infringement of the '491 patent, LGE has suffered and will continue to suffer damage. LGE is entitled to recover from Sony the damages adequate to compensate for such infringement, which have yet to be determined.

42. Defendants' acts of infringement of the '491 patent herein have been made, and/or are being made at the time of service of this complaint, with full knowledge of LGE's rights in the patent. On information and belief, Defendants have acted and/or are continuing to act despite an

objectively high likelihood that their actions constituted direct and/or indirect infringement of a valid patent, and, on information and belief, Defendants knew or should have known of that objectively high risk. Defendants' acts herein constitute willful and deliberate infringement, entitling LGE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

43. Defendants' acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, LGE prays that this Court enters judgment and provides relief as follows:

(a) That Sony has directly infringed the '612 patent, the '895 patent, the '233 patent, the '564 patent, and the '491 patent (individually and collectively "the patents in suit");

(b) That Sony has induced infringement of the patents in suit;

(c) That Sony has willfully infringed the patents in suit;

(d) That Sony, and its officers, agents, servants, employees, and those in active concert or participation with them directly or indirectly, be enjoined from infringing the patents in suit;

(e) That Sony be ordered to account for and pay to LGE the damages resulting from Sony's infringement of the patents in suit, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured;

(f) That this action be adjudged an exceptional case and LGE be awarded its attorneys' fees, expenses and costs in this action pursuant to 35 U.S.C. § 285; and

(g) That LGE be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff LGE demands a jury trial on all issues so triable.

Dated: February 4, 2011                    FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*
    Christopher S, Marchese (SBN 170239)

Attorneys for Plaintiff
LG Electronics, Inc.